Good morning. May it please the court. My name is Molly Quinn and I represent the appellant Dana Sam. We're asking the court to reverse and remand for a new sentencing hearing because the district court based its 20-year sentence on disputed and objected to and unproven allegations and abused its discretion in departing or burying upward. I'll start with the first procedural error by basing its sentence on unproven and objected to disputed allegations. Mr. Sam pleaded guilty to one count of aggravated sexual abuse by force against an adult victim, that's JL. The district court departed or buried upward based on essentially three main factors, all of which the defense objected to in whole or in part. First is of course the alleged history of additional abuse against JL, the named victim. Second, an alleged history of abuse against her siblings. And third, alleged sexual assaults committed against two adult victims essentially in the early 2000s, about 20 years before the allegations in this case. And the district court relied on all three factors, in departing or burying upward and in selecting the 20-year sentence. And I'll start actually with the third one I listed, the oldest allegations, the alleged sexual assault against two adult victims from the early 2000s. The district court made three references to, as they called it, a history of sexual assault. And two of those, I think importantly, are after the defense lodged its first objection to what it referred to as reliance on unproven conduct. And the district court referred to police reports that indicated that Mr. Sam may have a history of sexual assaults. Those allegedly occurred around 20 years ago. If those are true, the district court noted that as a history of being a sexual predator before he moved to North Dakota. And then after the first defense objection, I'll call it, the district court indicated that the discovery material or the material before the court indicates that Mr. Sam had a history of abuse prior to him even moving to the District of South Dakota and then referred again right before imposing or selecting the 20-year sentence, he has a history of sexual abuse. Those allegations of the dated, I guess dated, alleged sexual assaults are only supported by the objective two paragraphs 27 and 28. So counsel, that's my understanding of the record as well. It does seem to me that there are plenty of undisputed facts in paragraphs 6, 7, 23, and 24 to justify the departure. At the same time, it's also true, as you just recounted to the court, that the district court mentioned a lot of objective two facts at sentencing. The government says that the court narrowed its focus at each critical juncture. I'm going to ask them about what that means, but how do we separate the references that the court made to the unobjected two facts from the references to the objected facts, and can we? I think the very last part, I don't think that we can, and I would disagree. I think it's probably obvious that I would disagree with that characterization of what the district court did with the government's characterization. I don't think it's possible to separate it out, and as I was just talking about, after the defense lodged its first objection, there is at least two references to a history of abuse, excuse me, a history of sexual assault, which the district court is treating separately from the history of allegations, additional allegations against J.L. And with this issue, this type of procedural error, I don't think that we can separate out everything the district court said between the undisputed and the disputed allegations. Is there such a thing as harmless error in this context? I haven't seen it phrased as harmless error, I guess I would say. I think that we do, the government relied on the Ayers case specifically, where there is a review of, well, what did the district court say in imposing its sentence, and what were the disputed allegations? And here we do have, at best for the government, a mix of disputed and undisputed allegations. Here, the statement was, we're objecting to the unproven facts or state information in the pre-sentence report. My sense was, and let me know if this is even close, that everybody kind of knew what that was, given the continuance in the sentencing hearing. In other words, the first sentencing hearing, it was pretty clear what paragraphs and what information was kind of at issue, and the district court gave the defendant an opportunity to object, correct? Is that to file additional objections? Yes, I agree with that. So I guess my question, it's a long way of asking a question, were there any other unproven facts sort of in play here, or was it pretty much everybody understood these were the facts, the ones that the district court was looking to rely on for the departure? Does that make sense? If there are different buckets of unproven facts, or just this one bucket? Right, I think the district court did identify specific facts at that first sentencing hearing. The defense objected to many of them. I think that that's what defense counsel was referring to. There is the additional matter of the district court relying on something apparently learned from probation that doesn't otherwise appear in the record, but I think the unproven allegations in the context of this case, there was an explicit invitation to file what would otherwise be late objections. The defense filed five specific objections and cited the standard for what happens when factual allegations in the PSR are disputed. And that was really the focus of the continuance? In other words, there's not some additional facts in the personal and characteristics section or the criminal history section that we're dealing with? That's right. I guess I would say at least not known to the defense or announced on the record. I want to kind of go back to that question of how do we know, I guess, that there was an error here is one way that you could put it, a reversible error. And we know that the district court mentioned a mix of disputed and undisputed allegations. I don't think that we can separate out what the district court was relying on and what it wasn't relying on. The district court, despite kind of the context in which the hearing arose, the second hearing where it raised specific allegations or specific concerns in the first hearing, at the continuation there were defense objections, the district court did not specify which paragraphs it was relying on. It didn't disclaim reliance or say it wasn't relying on other paragraphs. And it didn't say that the objected to paragraphs wouldn't affect sentencing. And we know that the district court was relying at least in part on disputed allegations because it referenced, again, those older, the 20-year-old allegations and the siblings' allegations of abuse. And I think it is important to note, particularly with the siblings, that there is a very brief reference in an unobjected to paragraph 6 that the alleged victim said, as well as physical abuse against her and her siblings. But the district court was pretty clear in saying that the siblings allege physical abuse. And those allegations of what the siblings said happen are only in objected to paragraph 52. And the district court, importantly in the context of the departure, said the psychological and physical trauma inflicted on the victim and her siblings will be long-lasting. So the district court tied at least one of the purported departures, the extreme psychological injury, to not just the named victim, but also her siblings. Are we dealing with just... What's... I'm sorry. No, go right ahead. Please judge. I was just going to ask... I was going to ask, what's your response to the government's position that you essentially waived your objections at the opening of the second sentencing hearing? We disagree with that. I think it's important to look at the context in which the second sentencing hearing arose. The district court at the first hearing explicitly invited objections at least twice. The defense filed its amended sentencing memorandum specifically objecting to five paragraphs and stated the rule for what happens when the defense, or any party, I guess, objects to factual allegations. And at the second sentencing hearing, the district court began by acknowledging that it had received the additional briefing. That was what contained the objections. And then I think the question about the PSR and whether there was any objection, and then the district court's comments in adopting the PSR are ambiguous to the extent that the defense's later two objections to reliance on unproven facts would be enough to deem this not waived or the objections not withdrawn. And specifically, it's unclear whether in asking if there was an objection, the district court was referring to the guideline calculations or the PSR and its factual allegations in its entirety. The district court, unlike, I believe, the Replogal case, did not specifically ask, are there any objections to the factual statements in the PSR? And then after defense counsel said no, that there were no objections, the district court, again, did not say, unlike that other case, that it was adopting the factual statements in the PSR, adopting the PSR as its findings of fact. It referred specifically to adopting the sentencing guideline calculation, which wasn't disputed. And then, and I'm looking at page four, and then went on to reiterate its intention to vary upward based on the conduct that is alleged. So the district court, in adopting the PSR after that no objection statement, is still referring to alleged conduct. So I think in that context, it's not a clear waiver or withdrawal of the objections to say no objection to that question. And then once it became clear to defense counsel, the district court was continuing to rely on clearly objected to paragraphs. Defense counsel did lodge two separate objections. And I'm going to take up the last bit of your time. There is some specific reference to the two departures, which we don't see so much anymore. There's often variances. And so there's very specific discussion of those two. But then the district court uses the language of a variance. What is your view of that? I think the district court is obviously using the terms interchangeably. I think he is intending to impose a departure, because I look back to when the district court is recounting what happened at the first proceeding. He said, I announced an intent to vary upward based on these things. And at that first hearing, he was very clearly talking about the two departures. So I think the district court is using the terms interchangeably. I think ultimately for the procedural error issue, regardless of how you frame it, the district court imposed a 20-year sentence based on unproven allegations. Thank you. Mr. DeLorme. May it please the court, counsel. My name is Gary DeLorme. I represent the United States in this matter. I apologize in advance. My voice might be a little crackly, because I woke up with a cold yesterday. So feel free to grab yourself a glass of water if you can. Thank you, Your Honor. Before I go to the question that you posed, Judge Gross, I want to talk about replogo first, because I think that's critical in the beginning of this discussion. Because I do believe there was a waiver unequivocally at the beginning of the second hearing when defense counsel does not object further or interject that other than the objections in my written statement or my written sentencing memorandum, I have no further objections. It's not until much later in the hearing when the court is already starting to go down the road of talking about departures and pronouncing sentence that the defense counsel then interjects that there are objective two facts that the court is talking about. So is it your view that at that point there was no going back? If you view that first statement as a waiver, as you have, it seems to me that the later statements, even accepting your interpretation of the first sentence, couldn't a lawyer say, wait, wait, I misunderstood, or that's not what I meant? And it really does give the district court a chance. I mean, that's kind of why we look at waivers and forfeitures, because we want the district court to have the first opportunity to deal with what other concerns either party has. Why aren't those later statements enough to at least put the district court on notice that, hey, yeah, you know, those objections we filed are still at play here? And that's exactly where I was going, Judge Kelly, is that at that point when the counsel was bringing up and reminding and saying, hey, we do have some objections, it was critical for them then to request the court, let's take a step back, because we have to take a step back so the court can entertain any evidence to be presented. So that's a defendant's obligation to stop the proceedings. It seems like it just gives everybody notice, right, that there's still something at issue here? I believe it takes that extra step, Your Honor. I mean, you have to ask the court, hey, could we please step back so that, you know, now the United States has opportunity as well. You were going to talk about replogal. It seems to me this is distinguishable from prelogal. Why is it not? It's only distinguishable in that defense counsel in replogal never readdresses the written objections. Here it is addressed by counsel, but so far late in the sentencing hearing and without a request to go back and take a step back, which the court undoubtedly probably would have taken a step back and said, okay, well, let's go back and readdress objections. That's the only distinction I see, Your Honor. Otherwise, without requesting that take a step back, it's still a waiver of the written objections. When the defendant filed the supplemental objections in anticipation of the second sentencing hearing, did the government file any supplemental sentencing memorandum that would indicate their position on introducing evidence or standing on the PSR as it is without those paragraphs? No, Your Honor, and I believe the United States did indicate at the beginning of the second sentencing hearing that the United States opted not to do that, to not put itself in a position to be in a violation of the plea agreement. Oh, so they were obligated under the plea agreement. I apologize. I forgot. So there was that that took place. So even if the court indicates or decides to go beyond replogal and say, well, no, she didn't waive it because she did remind the court, there's plenty of facts, as Judge Grass has indicated, throughout the PSR. When you look at paragraph five, Jane reports forced to stay in the residence after the assault. So, counsel, I agree with you. So my question then is, how do we separate the court's apparent reliance on objected to facts and unobjected to facts at sentencing? Seems like they're all mixed together. Because, Judge, as I indicated, and as you referenced in your questions to Ms. Quinn, at the two critical junctures, the court used similar language. I'll just read to you an example of that. When the court was going through and deciding the departures, it talked about the victim disclosed additional physical, emotional, sexual abuse by Sam. That's also contained in other paragraphs that's not objected to. The court does, though, say the victim's siblings also allege physical and emotional abuse. Now, that was objected to. But the very next paragraph, the court says, based upon the notice of counsel, my review of the record, the pre-sentencing and restitution report, and the unobjected to facts of the PSR, this is what I'm going to do. So there's two ways that I could interpret that, because I noticed that in the record. Either the court is saying, notwithstanding all these things I've said, I'm only going to rely now on the unobjected to facts. That's one way of interpreting it. The other way is that he was confused about what was objected to and what was unobjected to, because he was mentioning both during the sentencing. Well, again, I got to go back to errors a little bit. It's no error for the court to discuss objected to facts throughout the hearing. When you look at it from that perspective, why would the court even indicate it's not looking at the objected to facts if it didn't understand what was objected to? I'm sorry. What did you say? You said it's not error for the district court to... To discuss during the sentencing hearing objected to facts. It can be discussed. I mean, if the court's not relying on them, the court can still discuss them. Yeah, and I don't want to speak for Judge Gras, but that may be part of the confusion if you're discussing them but not relying on them. And I think maybe that the line between those two might get a little murky sometimes. Yeah. I get Judge, but again, the court is fairly clear in following up and saying, and not based on the objected to facts. Do you think this was a departure or a variance? I think it's interchangeable. And per Reichert, I think that this court can look at it interchangeably and say, well, even if we didn't find 5K2.3 or 5K2.8, the judge also references variance and goes through 3553A factors and can determine that, well, the sentence is affirmable under a variance as well. But I do believe that the court was specifically looking at the variance, or the departures. I mean, the court applied language from the sentencing guidelines, and not only under one, but under both. And from that perspective, when the court did determine that 5K2.3 and 5K2.8 would apply in this particular matter, the court applied a six-level increase. So I think the court was looking more towards departure, but I think, per Reichert, this court can look at it interchangeably and say, well, it's a variance too. It could be a variance as well. It's supportable by all the facts. When you look at all the facts, even when Ms. Quinn talks about the two other victims that were uncharged out of Oregon, the court still had other victims to look at. In paragraph 32, the PSR discusses a prior, I think it's a domestic violence type of case. But the facts in that paragraph also indicate that Mr. Sam was carrying on in conduct where he was physically and sexually abusive of a significant other or former spouse in front of minors. So the court could look at that and say, well, that's untreated prior sexual conduct. The court could also look at Jane and say, five years of abuse of Jane, over 200 times she was abused by her reports. That's untreated prior sexual conduct. So I think there's plenty of facts in the case to support 5K2.3 and 5K2.8, even if you take out the objective two facts that the defense requested under paragraphs 25, 26, 27, 28, and 52. So it's fully supportable with all those additional remaining facts. With that, if there's no further questions of the court, I'll ask the court to affirm the judgment of the court. Thank you. Ms. Quinn, I think I talked through your time, but if you would like a couple of minutes, we'll give you that. Pardon me, Judge? Two minutes. Okay. Ms. Quinn, I'll go ahead and start with a question, if I could. Thank you. So to me, it really kind of comes down to something that Judge Kelly brought up. How do we know whether the district court was relying on the objective two conduct or merely discussing it? I think that after the district court referred to and the unobjective two items contained therein, after that point, the district court referenced the history of sexual assault said 20 years ago and before he even moved to the District of North Dakota. And those allegations are only from the alleged assaults in the early 2000s in Oregon. And so I think that's the clearest thing that we can point to in the record to say, despite that reference to unobjective two items contained therein, that the district court is still looking at what are in fact objective two paragraphs. Did that answer the question? As good as it can be. Fair enough. Judge Kelly, I wanted to go back to your question about departure or variance and just mention that for this context, I think the statement of reasons clarifies the district court's intent. The district court only checked the boxes for departure, did not check the boxes on the statement of reasons for a variance. So I think it is the district court's intent that it's a departure. And I want to go back to the Replogal case and the discussion about, well, what did the defense have the obligation to do? And I think it's important to have to take a step back and look at Rule 32 and what it says. When there are objections to a PSR, the district court has a couple of options. The district court can take evidence and make a finding, or the district court can say it's not going to rely on those objective two facts because they won't affect sentencing or it won't rely on them imposing sentence. And so the defense did not have to request a ruling on its objections. Really, once the defense had made the objections, it was fair for the defense to say, OK, well, the district court is not going to rely on these because it didn't take evidence and make a finding. And once it became clear that the district court was, in fact, relying on the objective two allegations, the defense then lodged those two objections. So I think on this record, this certainly isn't waived and those objections weren't withdrawn. And we would ask the court to reverse and remand for a new sentencing hearing. Thank you. Thank you.